### Application of SUTTMEIER.

United States District Court
S. D. New York.
July 15, 1952.

Hill, Rivkins & Middleton, New York City, for petitioner (Joseph R. Cannata, New York City, of counsel).

LEIBELL, District Judge.

Petitioner herein is seeking an order directing E. Lawrence Wheeler, doing business as Wheeler Shipyard Company, upon payment to him or such person or persons as this Court may direct of the sum of $1,600, to execute and deliver to the petitioner a good and sufficient satisfaction piece of a preferred ship's mortgage; or, in the alternative an order authorizing the Collector of Customs of the Port of New York to cancel and discharge the preferred ship's mortgage of record, upon there being deposited with the Clerk of this Court the sum of $1,600 to the credit of E. Lawrence Wheeler, doing business as Wheeler Shipyard Company.

The facts in this case may be outlined as follows:

On or about May 12, 1949, Frank Lausberg purchased from E. Lawrence Wheeler, doing business as Wheeler Shipyard Company, a gas screw skiff, the Skipper III, and as part of the consideration for the sale executed a first preferred ship's mortgage in the amount of $2,592, which was recorded and registered in the Office of the Collector of Customs of the Port of New York, June 1, 1949, in Book P.M. 107 at page 16. The principal of the mortgage was further secured by a promissory note which provided for payment in equal monthly installments.

Apparently three other Wheelers had or claim to have had an interest in the Wheeler Shipyard Company. It may have been a copartnership. But since December of 1949 the Wheeler Shipyard Company has been run exclusively by Wesley, Robert and Eugene Wheeler, friction having developed between them and E. Lawrence Wheeler.

On or about May 22, 1950, Wesley Wheeler, on behalf of the Wheeler Shipyard Company, demanded of Lausberg full payment of the balance of $1,296 which payment was made on or about June 1, 1950.

On January 5, 1951 Lausberg sold the skiff to the petitioner, warranting the vessel to be free and clear of all encumbrances. The Collector of the Port of New York refused to accept the bill of sale for registration and recordation until a satisfaction of the preferred ship's mortgage, executed and acknowledged by E. Lawrence Wheeler doing business as Wheeler Shipyard Company, had been presented for filing. A satisfaction piece was executed on behalf of the Wheeler Shipyard Company by Wesley Wheeler on May 10, 1951, but the Collector has refused to accept or honor it. E. Lawrence Wheeler has refused to execute a satisfaction piece. All the other Wheeler brothers are willing that he should do so and that he, E. Lawrence Wheeler, doing business as Wheeler Shipyard Company, should receive the $1,600.

In view of the stalemate, the Wheeler Shipyard Company, through the other three brothers, has offered to refund $1,600 to the petitioner, representing the balance due as of the date when the three brothers as-

sumed exclusive control of the business, plus interest. This sum has been tendered to E. Lawrence Wheeler, doing business as Wheeler Shipyard Company, in exchange for a satisfaction piece, but he has stated firmly his unwillingness to sign any documents, while his brothers are operating the Wheeler Shipyard Company.

Petitioner asserts he is being irreparably damaged due to his inability to operate the vessel as a result of the failure to obtain the satisfaction piece, thereby preventing him from obtaining a license. He has had to pay storage and maintenance charges, while the skiff remains idle.

The statement in The Mariam (Allen v. United States), 9 Cir., 66 F.2d 899 at page 900, to the effect that you cannot have a preferred mortgage "upon vessels of under 200 tons gross" was written in September 1933 before the amendment to § 922(a) made June 27, 1935, c. 319, 49 Stat. 424. 46 U.S.C.A. § 922(a). The exception clause of § 922(a) is now limited to certain types of vessels of less than two hundred gross tons. The vessels specifically described are "a towboat, barge, scow, lighter, carfloat, canal boat or tank vessel". In fact c. 319, 49 Stat. 424, is described as "An Act To amend the Ship Mortgage Act, 1920, otherwise known as 'section 30' of the Merchant Marine Act, 1920, approved June 5, 1920, to allow the benefits of said Act to be enjoyed by owners of certain vessels of the United States of less than two hundred gross tons".

The gas screw skiff in the case at bar, the Skipper III, while only eleven gross tons is not a vessel of the type specifically listed in the exception clause of § 922(a). A valid preferred ship mortgage could be placed on the skiff.

The Silver Wave, D.C. 1951, 98 F.Supp. 271, was a vessel of only six tons net. Judge Chesnut's opinion in the Silver Wave case, 98 F.Supp. at page 274, contains a very clear discussion of ordinary ship mortgages and preferred ship mortgages.

■ The petition herein recites that the mortgage on the Skipper III was registered as a preferred ship mortgage. But no copy of the mortgage is annexed to the petition.

Nor does the petition show the compliance with the various subdivisions of § 922(a), (c) and (d). It might be argued that because the Collector of Customs recorded the mortgage as a "preferred mortgage", all the provisions of § 922 had been complied with. But since the exclusive jurisdiction of this court under § 951 of 46 U.S.C.A. rests on a showing that this was in fact a "preferred mortgage" I am of the opinion that there should be allegations of fact in the petition showing that all that was required to be done under § 922(a), (c) and (d) was actually done and that the mortgage is entitled to be called a "preferred mortgage" under § 922(b).

■ Further, there should be an actual tender made to E. Lawrence Wheeler, doing business as Wheeler Shipyard Company, of the full balance due on the mortgage, with interest to the date of tender, and at the time of the tender he should be shown and asked to sign a satisfaction of the mortgage, in a form approved by the Collector of Customs. The new petition should recite in detail the circumstances of the tender and should annex a copy of the satisfaction of the mortgage he was requested to sign. This procedure would be similar to that employed under the New York Real Property Law, § 333–b to accomplish a discharge of a mortgage where the mortgagee refuses to execute a "satisfaction piece" of a real estate mortgage.

Since a United States District Court would have exclusive jurisdiction to foreclose a preferred ship mortgage under § 951 of 46 U.S.C.A., and since the records relating to the preferred mortgage are within the jurisdiction of this court, and the Collector of Customs and E. Lawrence Wheeler are also within the jurisdiction of this court, and all the other Wheelers are willing that the mortgage be satisfied, and the present owner Suttmeier is the petitioner and the former owner Lausberg submits an affidavit in support of the petition, all necessary parties will be subject to such order as the court may make on a new petition.

An application to this Court for an order directing the mortgagor to execute the appropriate document to discharge the mort-

gage of record is indicated as "the normal and the appropriate step" in footnote 5 on page 16 of Judge Clark's opinion in Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9. This court, which, under the Ship Mortgage Act has exclusive jurisdiction over actions to foreclose a preferred ship mortgage, would be the only court to which recourse could be had in a situation such as is here presented. There is no need for the institution of an action to accomplish this purpose. An order to show cause based on a petition, directed to all parties who would be affected by the order sought by the petition, would be the normal and appropriate way of clearing the records of a mortgage which the owner of the vessel wishes to pay off, in fact has paid off, but which the mortgagee refuses to satisfy.

For the reasons hereinabove stated this present petition is denied, but without prejudice to a renewal on a new petition containing the requisite allegations.